UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TERRY BURNWORTH and TAMMY JACKSON, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) Case No.: 1:18-cv-3264-JPH-TAB ) |
| HENDRICKS COUNTY PLANNING AND BUILDING DEPARTMENT, SCOTT BUTRUM, TONYA COTTRELL, and TIM DOMBROSKY, | ) ) ) ) ) |
| Defendants. | ) ) |

### DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' COMPLAINT

This case involves an alleged zoning inspection of real property at 2414 Cartersburg Road in Hendricks County, Indiana. Although the complaint, which is filed pursuant to 42 U.S.C. § 1983, attempts to assert a violation of the plaintiffs' Fourth Amendment rights, it fails to state a claim upon which relief can be granted.

### FACTS[1]

The complaint asserts that:

- Burnworth owns certain real property;

- Scott Butrum, Tonya Cottrell and Tim Dombrosky are employed by the Hendricks County Planning and Building Department;

- Butrum inspected a structure on Burnworth's real property and searched the area surrounding it without a warrant;

- Butrum acted at the direction of Cottrell and Dombrosky;

---

[1] The defendants do not concede that the facts alleged by the plaintiffs are true. They simply accept that for purposes of this motion, the facts asserted in the complaint are presumed to be true. *Scanlan v. Eisenberg*, 669 F.3d 838, 841 (7th Cir. 2012).

- Burnworth's actions were performed "under the color of state law in his official capacity as a zoning inspector of the Department";

- Butrum's inspection "amounted to conduct that represents the official policy of the Department;"

- The defendants violated the plaintiff's Fourth Amendment rights.

[Compl. at Dkt. 1.]

## STANDARD OF REVIEW

Rule 12(b)(6) provides that a court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing a motion to dismiss, a court must accept as true all well-pleaded facts in the complaint, and draw all reasonable inferences in favor of the plaintiff. *Scanlan*, 669 F.3d at 841. However, "allegations in the form of legal conclusions are insufficient to survive a Rule 12(b)(6) motion." *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 885 (7th Cir. 2012) (citing *Iqbal*, 556 U.S. at 678.) Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, are also insufficient to survive a Rule 12(b) motion. *Iqbal*, 556 U.S. at 678.

## DISCUSSION

**A. The complaint fails to state a claim against the Department because it does not plead a *Monell* claim.**

Because there is no *respondeat superior* liability under 42 U.S.C. § 1983, a governmental entity, like the Department, can be legally responsible for a constitutional violation only if its own

polices, practices, or customs caused the violation. *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 694 (1978). Indeed, it is only when execution of a governmental policy, practice, or custom inflicts a constitutional injury that the government as an entity is responsible under § 1983. *Id*.

To state a § 1983 claim against a governmental entity, a plaintiff must plead facts which, if proven, would establish:

>   (1)   the governmental entity had and enforced an express policy that caused the constitutional deprivation; or
>
>   (2)   the constitutional violation was caused by the application of a widespread governmental practice that, although not authorized by written or express municipal policy, was so permanent and well-established that it constitutes a "custom or usage" with the force of law; or
>
>   (3)   the constitutional injury was caused by a person with final policy-making authority.

*Estate of Moreland v. Dieter*, 395 F.3d 747, 758 - 59 (7th Cir. 2004).

In this case, the only thing that the plaintiffs plead in their attempt to state a claim against the Department is that the alleged inspection "amounted to conduct that represents the official policy of the Department." [Compl. at ¶ 14.]  This rather strangely worded and vague allegation is insufficient to state a claim against the Department for at least four reasons.

First, it is nothing more than a formulaic, threadbare legal conclusion unsupported by any factual content. To successfully state a *Monell* claim against the Department, the plaintiffs must allege facts sufficient for the Court to find it plausible that an existing departmental policy, practice, or custom not only caused the alleged constitutional violation, but was also the "moving force" behind it. *Iqbal*, 556 U.S. at 678; *Estate of Sims v. County of Bureau*, 506 F.3d 509, 514 (7th Cir. 2007). Nowhere in the complaint, however, do the plaintiffs offer any *facts* to support the

notion that the alleged inspection "amounted to conduct that represents the official policy of the Department." All they offer is that legal conclusion.

Second, a well-pleaded *Monell* claim must not only identify the policy, practice or custom that is alleged to be the source of the plaintiff's injury, but also "specify what exactly that custom or policy was." *McTernan v. City of York*, 564 F. 3d 636, 658 (3d. Cir. 2009) (cited with approval by *Quint v. Village of Deerfield*, 356 Fed. Appx. 697, 702 (7th Cir. 2010)). The plaintiffs do not identify any such policy, practice or custom or specify what exactly it was. They simply equate the alleged constitutional violation and Department policy.

Third, their allegation is circular. By equating the alleged constitutional violation and Department policy, the plaintiffs contend that constitutional violation was the moving force behind the constitutional violation. That makes no sense and, of course, a constitutional violation can occur despite or contrary to a governmental entity's perfectly constitutional policies, practices or customs. So, merely alleging a constitutional violation does not make it plausible that an existing policy, practice or custom was the moving force behind the violation.

And finally, the allegation of a single incident of unconstitutional conduct by a government employee does not make it plausible that said conduct was the result of a policy, practice, or custom. *Strauss v. City of Chicago*, 760 F.2d 765, 767 (7th Cir. 1985). Indeed, a single incident of unconstitutional conduct is just that. *Id*.

In sum, the complaint is so bare bones and wanting in facts, that it fails to state a *Monell* claim against the Department.

### B. The complaint fails to state individual-capacity claims against Butrum, Cottrell, or Dombrosky so the claims against them must be dismissed for the reasons stated above.

A complaint brought under 42 U.S.C. § 1983 that fails to specify whether a government employee is being sued in an individual or official capacity is presumed to allege official capacity

claims only. *Stevens v. Umsted*, 131 F.3d 697, 706 (7th Cir. 1997); *Yeksigian v. Nappi*, 900 F.2d 101, 104 (7th Cir. 1990). Of course, that presumption can be overcome by statements in the complaint that indicate the plaintiff's intent to pursue individual capacity claims. *Id*.

In this case, the complaint contains no statements that indicate the plaintiffs' intent to pursue individual capacity claims against Butrum, Cottrell and/or Dombrosky. In fact, everything about the complaint establishes that the plaintiffs are *not* pursuing individual capacity claims against them.

For example, the complaint alleges that Butrum acted "under the color of state law in his *official capacity* as a zoning inspector of the Department." [Compl. at ¶ 13 (emphasis added).] That allegation is significant for two reasons. First, it is an direct expression of the plaintiffs' intent to sue Butrum in his official, and not his individual, capacity. Second, and as a matter of law, the allegation that a defendant acted "under the color of law" is generally construed as a suit against the defendant in his official capacity only. *Yeksigian*, 990 F.2d at 104. Presumably, the plaintiffs were familiar with the law when they drafted their complaint and they knew when they pleaded that Butrum acted "under the color of state law" that they were indicating their intent to sue him in his official capacity only.

Unlike the situation with Butrum, the complaint does not directly express the plaintiffs' intent to sue Cottrell and Dombrosky in their official capacities. However, it does not plead a claim for punitive damages. That is significant because punitive damages are available only from § 1983 defendants sued in their individual capacities. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 270 (1981) (governmental entities are immune from punitive damages under § 1983). The lack of a punitive damages claim indicates the plaintiffs' intent to sue Butrum, Cottrell and Dombrosky in their official capacities only.

5

Official capacity claims in a § 1983 lawsuit represent nothing more than an alternative way of pleading claims against the governmental entity of which a government employee is an agent. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Stated another way, an official capacity claim against a government employee is a claim against the governmental entity for which the government employee works because the real party in interest is the governmental entity (not the government employee).  *Id*.  Accordingly, the plaintiffs' official capacity claims against Butrum, Cottrell and Dombrosky are duplicative of their attempted claim against the Department.  As such, the official capacity claims against Butrum, Cottrell and Dombrosky must be dismissed for the same reasons as stated in section A above.

## CONCLUSION

Because the plaintiffs' complaint fails to state a *Monell* claim against the Department and does not state any claims against Butrum, Cottrell and/or Dombrosky in their individual capacities, it must be dismissed.

Respectfully submitted,

STEPHENSON MOROW & SEMLER


 */s/ Pamela G. Schneeman*
Pamela G. Schneeman
Attorney No. 18142-53
Attorney for Defendants,
Hendricks County Planning and Building Dept.,
Scott Butrum, Tonya Cottrell and Tim Dombrosky


STEPHENSON MOROW & SEMLER
3077 East 98th Street, Suite 240
Indianapolis, IN 46280
Telephone: (317) 844-3830
Fax: (317) 573-4194
Email: pschneeman@stephlaw.com

## **CERTIFICATE SERVICE**

I hereby certify that on December 12, 2018, a copy of the foregoing DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' COMPLAINT was filed electronically.  Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

**James M. Boyers**
WOODEN McLAUGHLIN, LLP
211 North Pennsylvania Street
One Indiana Square, Ste. 1800
Indianapolis, IN 46204
Jim.Boyers@Woodenlawyers.com

**James A. Carter**
WOODEN McLAUGHLIN, LLP
211 North Pennsylvania Street
One Indiana Square, Ste. 1800
Indianapolis, IN 46204
James.Carter@Woodenlawyers.com

    /s/ *Pamela G. Schneeman*
Pamela G. Schneeman

STEPHENSON MOROW & SEMLER
3077 East 98th Street, Suite 240
Indianapolis, IN 46280
Telephone: (317) 844-3830
Fax: (317) 573-4194
Email: pschneeman@stephlaw.com

18-7019/pgs